UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATASHA DALLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV592 CDP |
| ) | |
| AMERICAN GENERAL ) | |
| LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff moves to strike a request for attorney's fees from defendant's answer. In response, defendant argues that this issue is not ripe for decision. Because plaintiff has not demonstrated that defendant's request for attorney's fees will be prejudicial if it is not stricken, I will deny plaintiff's motion.

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (West 2011). However, [m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R..S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations omitted); *see also BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading, however, is an extreme and disfavored measure."); Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed. 2010) ("Both because

striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harrassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted."). Because motions under Rule 12(f) are disfavored, courts generally require that a party asserting a motion under this rule show (1) "that the allegations being challenged in the defendant's answer are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense," and (2) "that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Sobba v. Elmen*, 462 F. Supp. 2d 944, 946 (E.D. Ark. 2006) (internal quotations omitted) (citing Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1380); *see also Southwestern Bell Telephone, L.P. v. Missouri Public Service Com'n*, 461 F. Supp. 2d 1055, 1064 (E.D. Mo. 2006) (citing Moore, et al., Moore's Federal Practice § 12.37[3] (3d ed. 2009)) *Gilbee v. RJW Transport, Inc.*, No. 1:10CV60SNLJ, 2010 WL 4974863, at *2 (E.D. Mo. Nov. 24, 2010).

Here, plaintiff's motion cannot succeed because she has not shown, or even argued, that she will be prejudiced if defendant's request is not stricken. Plaintiff's initial motion consists of a single paragraph and relies upon a single

source of authority.[1] In this paragraph, she argues only that, generally, each party is required to bear their own attorney's fees and, therefore, defendant's request should be stricken. She does not explain how defendant's request could potentially cause her prejudice and it is difficult to see how defendant's request, which does not relate to any party's substantive claim or defense, which will not require plaintiff to produce or seek additional evidence, and which is unlikely to require consideration beyond this motion, could be sufficiently prejudicial to warrant this extreme and disfavored remedy.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike [#16] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2011.

---

[1] In addition, the single authority that plaintiff cites appears to be irrelevant. Plaintiff cites to *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149 (2010), in support of her claim that defendant has no basis for seeking attorney's fees. *Hardt* considered whether a litigant could obtain attorney's fees under 29 U.S.C. § 1132(g), a section of the Employee Retirement Income Security Program that explicitly permitted a court to award "reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). The Court ultimately found that plaintiff had achieved sufficient success on the merits to warrant an award of attorney's fees under § 1132(g). Defendant in this case does not assert a defense under ERISA and the availability of attorney's fees will be determined by Missouri law. *See Burlington Northern R. Co. v. Farmers Union Oil Co. of Rolla*, 207 F.3d 526, 534 (8th Cir. 2000).