UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATASHA DALLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV592 CDP |
| ) | |
| AMERICAN GENERAL LIFE AND ) | |
| ACCIDENT INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to alter or amend judgment. Plaintiff Natasha Dallas's motion requests reconsideration of my February 3, 2012 order granting summary judgment to defendant American General Life and Accident Insurance Company (American General). Because plaintiff has not demonstrated sufficient grounds for altering or amending my judgment, I will deny plaintiff's motion.

Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citation and internal quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have

been offered or raised prior to entry of judgment." *Id*. Similarly, "[i]t is not appropriate to use a Rule 59(e) motion to repeat arguments" that have already been made and considered by the court. *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. Aug. 1, 1997) (citation and internal quotation marks omitted).

In the cross-motions for summary judgment filed originally in this case, defendant argued that the insurance policy at issue never came into effect because the initial premium payment was not paid until after the insured's death. Because I concluded that the insurance policy did not provide coverage until the initial premium had been paid, I granted summary judgment to the defendant. In this Rule 59(e) motion, plaintiff argues that I erred in granting summary judgment for the defendant because the insurance contract had already formed prior to the insured's death, and the terms of policy demonstrate that defendant waived payment of the initial premium by extending the policy on credit. As her main basis for this argument, plaintiff argues that I incorrectly interpreted the following provision in the contract: "This contract is made in consideration of Your application and the payment of premiums as provided."

As discussed above, it is not appropriate to use a Rule 59(e) motion to repeat arguments that have already been considered, and in this case rejected, by the court. In my order, I specifically determined that the policy was not issued on

credit, as plaintiff's only basis at that time to support such a finding was the automatic debit agreement signed by the plaintiff for payment of the policy premiums.  I concluded that the language in that agreement made it clear that the policy was not issued on credit, but would instead only be issued upon payment of the initial premium.  Furthermore, I used the contractual provision quoted above, not in isolation but instead in conjunction with the rest of the contract as a whole, to reach my ultimate conclusion.

In this Rule 59(e) motion, plaintiff repeats the same argument regarding the issuance of the policy on credit by citing four additional cases that were not previously presented.  All of those non-precedential cases involved insurance policies and underlying facts that are distinguishable from this case.  Furthermore, all four cases were available to the plaintiff at the time of her initial motion for summary judgment, but she relied on other authorities and other reasoning in support of her argument that the policy was extended on credit.  Plaintiff's main argument, that I misinterpreted a single provision of the insurance policy, does not constitute a manifest error of law when that provision is interpreted as part of the policy as a whole and as supported by substantial binding authority in my earlier opinion.  The rest of plaintiff's motion is simply a repeated argument of her previous position.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to alter or amend the judgment [#42] is DENIED.

												_____
												CATHERINE D. PERRY
												UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2012.